**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**KANYNE BUSH** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 3:11CV152 LRA**

**BRIAN LADNER, et al.** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court upon the Motion for Summary Judgment filed by Defendants Brian Ladner, Peggy Burks, and Rufus Burks. Kanyne Bush [hereinafter "Plaintiff"], *pro se*, gave sworn testimony at an omnibus hearing which is being considered by the Court in response to the motion filed by Defendants, along with his responsive pleadings.[1] The Court has also considered the allegations in the Complaint, as augmented by Plaintiff's testimony, to determine if Plaintiff's claims are frivolous or fail to state a claim upon which relief may be granted under 42 U.S.C. § 1915. Jurisdiction of this case is based upon 42 U.S.C. § 1983, and it was assigned to the undersigned United States Magistrate Judge for all purposes pursuant to the consent of the parties and by Order entered by United States District Judge Carlton W. Reeves.

Plaintiff alleges that while housed in Rankin County in the Central Mississippi Correctional Facility ("C.M.C.F."), his legal documents were kept in legal storage due to

[1]Plaintiff named Christopher Epps as a Defendant, but voluntarily dismissed him by Order filed May 17, 2011. ECF No. 11.

their voluminous nature. He claims that upon being transferred to East Mississippi Correctional Facility ("E.M.C.F.") in April 2009, prison officials lost his documents and as a result, he was time-barred from appealing the district court's denial of his petition for federal habeas corpus relief to the Fifth Circuit. The docket in that cause indicates that final judgment denying his habeas petition was entered on June 5, 2007. *See Bush v. Kelly*, et al., 1:05CV484 -LG-JMR.

Plaintiff sues each of the Defendants in both their official and individual capacities for alleged denial of access to the courts and deprivation of property without due process. Specifically, he sues Defendant Ladner because he oversaw the property room as associate warden. He sues Defendant Peggy Burks because she handled most of the property in the storage room and was the individual who supervised his entries and exits from the storage room. Plaintiff sues Defendant Rufus Burks because he allegedly advised that the documents were on a van to be transferred with him to his next housing facility, but failed to investigate the matter further when Plaintiff complained.

As grounds for relief, Plaintiff requests that Defendants reimburse him for or produce to him his legal materials. He also asks for an award of compensatory, punitive, and nominal damages in whatever amount the Court deems appropriate.

**STANDARD OF REVIEW**

The movants contend that they are entitled to a judgment as a matter of law in this case pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is

only appropriate where there is no genuine issue as to any material fact and the Defendants are entitled to a judgment as a matter of law. FED. R. CIV. P. 56( C ). All of the undisputed facts, and any inferences that may be drawn from those facts, must be viewed in the light most favorable to the non-moving party. The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Defendants charge that summary judgment is appropriate because there is no genuine issue as to any material fact in this case, and Plaintiff has failed to establish constitutional violations under the facts as stated. Defendants principally argue that they are immune from civil liability because Plaintiff (1) fails to allege that any of the defendants were personally involved in the loss of his legal property; (2) his claims amount to mere negligence; and, (3) he fails to demonstrate that the alleged loss of his legal documents hindered his ability to timely file an appeal to the Fifth Circuit. The Court finds that the motion should be granted for the reasons that follow.

**DISCUSSION**

It is well-established that prisoners have a constitutionally protected right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). However, to prevail on an access-to-courts claim, an actual injury must result from the defendant's unconstitutional conduct. *Chriceol v. Phillips*, 169 F.3d 313,

317 (5th Cir. 1999) (citing *Lewis*, 518 U.S. 351-54). A prisoner must show "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Lewis*, 518 U.S. at 349–51 (citation omitted); *Oaks v. Wainwriqht*, 430 F.2d 241 (5th Cir.1970) (to succeed on a denial-of-access-to courts claim, the plaintiff must show real detriment such as loss of right to commence, prosecute, or file an appeal, or substantial delay in obtaining a judicial determination in a proceeding). Absent a showing of an actual injury, a plaintiff fails to state a viable claim for denial of access to the courts. *Lewis*, 518 U.S. at 349.

It is undisputed in this case that Plaintiff's petition for habeas corpus was denied on June 5, 2007, some two years before he alleges that his documents were lost in April 2009. As such, the time for filing an appeal with the Fifth Circuit had long expired before the documents were allegedly lost by the Defendants. *See* Rule 4 fo Federal Rules of Appellate Procedure. Thus, under the facts as sworn and testified to by Plaintiff, his access-to-the-court claim is clearly frivolous. An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir.2002) (citation omitted). Plaintiff has failed to demonstrate that any action by Defendants hindered his ability to timely appeal the denial of his petition for habeas relief. Because Plaintiff has not established an actual injury, his access-to-courts claim must be dismissed for failure to state an actionable claim.

Even if Plaintiff had stated an actionable claim for denial of judicial access, he cannot defeat summary judgment with conclusory allegations of wrongdoing. Plaintiff fails to allege particular facts showing that any of the Defendants were personally involved in the loss of his legal documents. There is no *respondeat superior* or vicarious liability under section 1983. *Ashcroft v. IQBAL, et al*, 566 U.S. 662, 663 (2009) (citing *Monell v. New York City Dept. of Social Sevs.*, 436 U.S. 658, 691(1978)). Fifth Circuit precedent requires personal involvement by an individual defendant in the alleged constitutional deprivation. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 536-37 (5th Cir. 1999).

While Plaintiff complains that Defendant Rufus Burks told him that his documents would be transferred but failed to investigate the problem when raised, he fails to state particular facts showing that he or any of the other defendants acted with deliberate indifference. Mere negligence on the part of a prison official or the failure to investigate does not rise to the level of a constitutional violation. *See Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *see also Geiger v. Jowers*, 404 F.3d 371, 374–75 (5th Cir. 2005).

Further, it is well-settled that intentional and negligent deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post deprivation remedies exist. *See Hudson v. Palmer*, 468 U.S. 517 (1984);

*Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Mississippi law provides for at least two post-deprivation remedies, including actions for conversion and claim and delivery. *See Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 68-69 (Miss. 2004)(stating the elements for a conversion claim); Miss. Code Ann. § 11-38-1 (claim and delivery). The Fifth Circuit has long recognized that "Mississippi' s post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Because the State provides Plaintiff an adequate post-deprivation remedy for the alleged deprivation of his property, this Court finds that no due process violation exists.

Finally, Plaintiff fails to demonstrate a sufficient basis to overcome the Eleventh Amendment and qualified immunity defenses asserted by the defendants in this case. He has failed to allege any facts demonstrating a policy promulgated by the jail to deprive him of property or access to the courts. As such, his claims against the Defendants in their official capacities cannot be sustained. *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005). Likewise, Plaintiff offers no competent summary judgment evidence demonstrating a causal connection between the purported loss of his legal documents in 2009 and his failure to timely file a notice-of-appeal in 2007. Absent evidence that defendants improperly interfered with his constitutional right to access to courts, Plaintiff cannot make the threshold showing necessary to overcome qualified immunity. *Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2007).

For these reasons, the Court does hereby find that Defendants' Motion for Summary Judgment is well advised, and it is hereby granted. The Court also finds that a constitutional claim has not been established and the Complaint is dismissed pursuant to 42 U.S.C. § 1915. Final Judgment in favor of all Defendants shall be entered on this date, and the Complaint is dismissed with prejudice.

IT IS SO ORDERED, this the 12th day of September 2013.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE